Grafton,
No. 5947.

Ruth E. Vaillant

*v.*

L. W. Packard & Company & a.

Argued October 8, 1969.
Decided October 31, 1969.

*David R. Decker* (by brief and orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *James S. Yakovakis* (*Mr. Yakovakis* orally), for the defendant.

GRIMES, J. This is an appeal from a decision of the Commissioner of Labor who denied the plaintiff's petition to review her eligibility for further compensation due to an accident which occurred in March of 1963 while employed by the defendant company. The matter was heard *de novo* in the Superior Court, resulting in a decision in favor of the defendant company. Plaintiff's exceptions were transferred by *Grant,* J.

It is not disputed that on March 4, 1963, the plaintiff while employed by the defendant suffered a compensable injury consisting of a fracture of the coccyx. She received compensation for sixteen weeks and payment of medical bills and signed a final receipt Form 11WC which was filed with the Department of Labor on November 26, 1963 and approved on December 3, 1963. She returned to work for the defendant on June 26, 1963 and except for a period of a few months when she was employed elsewhere, continued in defendant's employ until February 1966. She had no trouble with strain in the lower back until December 1965 or January 1966. She claims that at that time she began having pain in her low back which eventually caused her disability on February 12, 1966. By letter dated April 18, 1966, she notified the Commissioner of Labor that she had started to have trouble with her back in January 1966 and desired to reopen her 1963 compensation claim. The Commissioner ruled that her claim could not be reopened because she had not filed her request within one year under RSA 281:40 but did grant a medical extension. In her petition to the Superior Court, she denied that she had recovered from her 1963 injury and made no claim based on any new accident. At trial, however, the claim was made that her present disability resulted from an accident in November 1965 and that it was also causally related to the previous injury. The Trial Court denied all of her requests for findings and granted all of the defendant's requests. In addition to other findings, he thereby found that her disability in 1966 was not causally related to the 1963 accident and refused to find that she suffered a new injury in 1966 arising out of and in the course of her employment. These were findings of fact for the Trial Court and they "should stand unless so clearly erroneous that it (they) could not reasonably be made." *Romano* v. *Company,* 95 N. H. 404, 405.

The orthopedic surgeon who testified for the defendant, and another orthopedic surgeon, to whom plaintiff was referred by

her attending physician, were of the opinion that the low back strain was not related to the accident of 1963. Her attending physician's "qualified yes" answer to the question whether the strain was in existence at the time of the March 1963 accident does not compel a finding that it was caused by that accident. There was no medical evidence that the back strain arose out of and in the course of her employment after 1963.

The findings of the Trial Court could reasonably be made on the evidence and contrary findings were not compelled. Thus it is not necessary to consider the questions relating to the time limitations of RSA 281:40 and the giving of notice under RSA 281:16 and 17.

*Exceptions overruled.*

All concurred.